# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHAS ADVANCED TECHNOLOGIES LLC, | |
| Plaintiff | C.A. No. 12-674-LPS |
| v. | **JURY TRIAL DEMANDED** |
| ORACLE CORPORATION, | |
| Defendant. | |

**ORACLE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CATHAS ADVANCED TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oracle Corporation ("Oracle"), by and through its undersigned counsel of record, answers Plaintiff Cathas Advanced Technologies LLC's ("Cathas" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES

**RESPONSE TO COMPLAINT ¶ 1:**

Oracle lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies the allegations.

**RESPONSE TO COMPLAINT ¶ 2:**

Oracle admits the allegations of paragraph 2 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 3:**

Oracle admits that it engineers and sells enterprise software, middleware software, applications software, and hardware. Except as specifically admitted, Oracle denies the remaining allegations of paragraph 3 of the Complaint.

- 1 -

## JURISDICTION AND VENUE

**RESPONSE TO COMPLAINT ¶ 4:**

Oracle admits that the Complaint purports to state a cause of action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Oracle denies that it has engaged in any acts of patent infringement. Except as specifically admitted, Oracle denies the remaining allegations of paragraph 4 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 5:**

Oracle admits that this Court has jurisdiction over claims of patent infringement. Except as specifically admitted, Oracle denies the remaining allegations of paragraph 5 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 6:**

Oracle does not contest that this Court has personal jurisdiction over Oracle or that Oracle is authorized to do business in the State of Delaware. Oracle admits that it is a Delaware corporation, that it maintains a website that is accessible to residents of the State of Delaware, and that it has transacted business in the State of Delaware. Oracle denies that it has committed any tortious acts and denies that it has committed any acts of patent infringement in violation of 35 U.S.C. § 271. Except as specifically admitted, Oracle denies the remaining allegations of paragraph 6 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 7:**

Oracle does not contest that this Court has personal jurisdiction and admits that it has transacted business in this District. Oracle denies that this District is the proper venue for this action. Oracle denies that it has engaged in any acts of patent infringement.

## THE PATENT-IN-SUIT

**RESPONSE TO COMPLAINT ¶ 8:**

Oracle admits that a document identified as the '445 patent is attached to the Complaint

as Exhibit 1.  Oracle also admits that the document states on its face that its application was filed

on February 6, 1998, and that the document states on its face that it was issued on August 2,

2005 as United States Letters Patent No. 6,925,445 entitled "Web-Based Design of Software for

Keep-Alive Boards."  Except as specifically admitted, Oracle otherwise lacks information

sufficient to form a belief as to the remaining allegations in paragraph 8 of the Complaint, and on

that basis denies those allegations.

**RESPONSE TO COMPLAINT ¶ 9:**

Oracle admits that the document attached as Exhibit 1 to the Complaint lists Branislav

Kisacanin as the inventor.  Except as specifically admitted, Oracle otherwise lacks information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the

Complaint, and on that basis denies those allegations.

**RESPONSE TO COMPLAINT ¶ 10:**

Oracle lacks information sufficient to form a belief as to the truth of the allegations in

paragraph 10 of the Complaint, and on that basis denies the allegations.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,925,445

**RESPONSE TO COMPLAINT ¶ 11:**

Oracle incorporates by reference its answer to the allegations in paragraphs 1-10 set forth

above.

**RESPONSE TO COMPLAINT ¶ 12:**

Oracle denies the allegations of paragraph 12 of the Complaint.

RLF1 7603862v.1

**RESPONSE TO COMPLAINT ¶ 13:**

Oracle denies the allegations of paragraph 13 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 14:**

Oracle denies the allegations of paragraph 14 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 15:**

Oracle denies the allegations of paragraph 15 of the Complaint.

**RESPONSE TO COMPLAINT ¶ 16:**

Oracle lacks information sufficient to form a belief as to the truth of the allegations in

paragraph 16 of the Complaint, and on that basis denies the allegations.

**RESPONSE TO COMPLAINT ¶ 17:**

Oracle lacks information sufficient to form a belief as to the truth of the allegations in the

first sentence of paragraph 17 of the Complaint, and on that basis denies the allegations.  Oracle

denies the remaining allegations of paragraph 17 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Oracle denies that Plaintiff is entitled to any relief against Oracle, and specifically denies

each of the allegations and prayer for relief contained in Paragraphs 1-5 of its prayer for relief in

the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Oracle asserts the following defenses without assuming

any burden that it would not otherwise have, including without admitting or acknowledging that

it bears the burden of proof as to any of the defenses so asserted.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and/or fails to plead

the required allegations with sufficient particularity.

- 4 -

## SECOND DEFENSE

Oracle has not infringed any claim of the '445 patent.  Oracle has not willfully infringed any claim of the '445 patent.

## THIRD DEFENSE

Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Plaintiff alleges infringement under the doctrine of equivalents.

## FOURTH DEFENSE

One or more claims of the '445 patent are invalid for failure to comply with one or more of the statutory requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112 *et seq.*

## FIFTH DEFENSE

Plaintiff's right to seek damages and costs is barred and/or limited by statute, including, without limitation, by 35 U.S.C. § 286, § 287 and/or 28 U.S.C. § 1498.

## SIXTH DEFENSE

To the extent that there is a more convenient forum available, venue in the District of Delaware is improper pursuant to 28 U.S.C. § 1404.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Oracle has not knowingly or intentionally waived any applicable defenses, and it specifically reserves the right to assert or rely upon additional other applicable defenses that may become available or apparent through the course of this action or through information developed in discovery, at trial, or otherwise.  Oracle reserves the right to amend, supplement or seek to amend this answer to assert additional defenses.

RLF1 7603862v.1

## COUNTERCLAIMS

For its Counterclaims, Defendant and Counterclaim-Plaintiff Oracle Corporation ("Oracle") alleges against Plaintiff and Counterclaim Defendant Cathas Advanced Technologies LLC ("Cathas") as follows:

## PARTIES

1.    Counterclaim-Plaintiff Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood Shores, California.

2.    Based on the allegations of Cathas' Complaint, Oracle is informed and believes, and thereupon alleges, that Cathas is a limited liability company organized and existing under the laws of the State of Delaware with offices located at 2961 Fontenay Road, Shaker Heights, OH 44120.

## JURISDICTION AND VENUE

3.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 of non-infringement and invalidity of United States Patent No. 6,925,445 ("the '445 Patent") under the United States patent laws, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court also has personal jurisdiction over Cathas, at least because by initiating the instant lawsuit, Cathas has submitted to the jurisdiction of this judicial district.

4.    Venue is proper in this District at the present time pursuant to 28 U.S.C. § 1391(b) - (c) and 28 U.S.C. § 1400(b). Oracle reserves the right to seek transfer of this action, including of these counterclaims, to a more convenient forum pursuant to 28 U.S.C. § 1404(a).

## GENERAL ALLEGATIONS

5.    According to the allegations set forth in paragraph 8 of Cathas' Complaint, Cathas

RLF1 7603862v.1

claims to be the owner of all right, title, and interest to United States Patent No. 6,925,445 (the

'445 patent), including the right to enforce the '445 patent.

6.      On May 29, 2012, Cathas filed suit against Oracle, claiming infringement of the

'445 patent.  Oracle denies that any of its products infringe any valid and enforceable claim of

the '445 patent.

7.      An actual case and controversy exists between Oracle and Cathas concerning the

non-infringement and invalidity of one or more claims of the '445 patent, and that controversy is

ripe for adjudication by this Court.

**FIRST COUNTERCLAIM**
**(NON-INFRINGEMENT OF THE '445 PATENT)**

8.      Oracle refers to and incorporates by reference Paragraphs 1-7 of its Counterclaims

as though fully set forth herein.

9.      Oracle has not and is not now infringing any valid claim of the '445 patent, by

direct infringement, contributory infringement, or inducement of infringement, either literally or

under the doctrine of equivalents.

10.     Oracle is entitled to a declaratory judgment that Oracle does not infringe and has

not infringed any valid claim of the '445 patent, by direct infringement, contributory

infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**
**(INVALIDITY OF THE '445 PATENT)**

11.     Oracle refers to and incorporates by reference Paragraphs 1-10 of its

Counterclaims as though fully set forth herein.

12.     One or more claims of the patent-in-suit are invalid for failure to comply with one

or more of the statutory requirements of patentability specified by 35 U.S.C. §§ 101, *et seq.*,

including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

- 7 -

13.     Oracle is entitled to a declaratory judgment that one or more of the claims of the '445 patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Oracle prays for judgment that:

A.     The Complaint be dismissed in its entirety as to Oracle with prejudice;

B.     Cathas is not entitled to any of the relief prayed for in its Complaint as to Oracle, or to any relief whatsoever;

C.     The '445 patent has never been, and is not now, infringed by Oracle directly or indirectly, or by any other person using Oracle's products in this judicial district or anywhere in the United States;

D.     The '445 patent is invalid;

E.     No damages or royalties are due or owing for any of the acts alleged by Cathas in its Complaint as to Oracle;

F.     That judgment be entered determining this as an exceptional case pursuant to 35 U.S.C. § 285 and awarding Oracle its costs, expenses and attorneys' fees; and

G.     That Oracle be awarded such other and further relief as the Court deems just and proper.

## ORACLE'S DEMAND FOR JURY TRIAL

Oracle hereby demands a trial by jury on all issues so triable.

RLF1 7603862v.1

OF COUNSEL:

James W. Morando
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400
jmorando@fbm.com

Andrew C. Temkin
ORACLE CORPORATION
Oracle Legal Department
500 Oracle Parkway
Redwood Shores, CA 94065
(650) 506-9432
andrew.temkin@oracle.com

Dated: November 21, 2012

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)
Jaclyn C. Levy (#5631)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
levy@rlf.com

*Attorneys for Defendant and Counterclaim-Plaintiff Oracle Corporation*

- 9 -